Alex Rice Kerr (CA SBN 264821)
alex@alexkerrlaw.com
*Attorney for Plaintiff Summit Kaiju LLC*

Alex Kerr Law, LLC
P.O. Box 3097
320 E. Broadway, Ste. 2a
Jackson, WY 83001
(307) 699-9057

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SUMMIT KAIJU LLC d/b/a SUMMIT KAIJU INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>LEGEND PICTURES, LLC, d/b/a LEGENDARY ENTERTAINMENT<br><br>Defendant. | Case No. 21-cv-9779<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## NATURE OF THE ACTION

Plaintiff Summit Kaiju LLC d/b/a Summit Kaiju International ("Summit Kaiju") brings suit to recover damages for copyright infringement and false designation of origin by Defendant Legend Pictures, LLC, d/b/a Legendary Entertainment ("Legend Pictures"), in its theft of Summit Kaiju's original Godzilla-verse mountain kaiju character, Batholith, and unauthorized depiction of the same in its film and novel, *Godzilla: King of the Monsters* as the character Methuselah.

Godzilla is one of the most iconic fictional characters in the history of motion pictures. Toho Co. Ltd. ("Toho"), copyright owner of the Godzilla character and franchise of films, partnered with Defendant Legend Pictures, to produce a 2014 motion picture entitled *Godzilla* ("the 2014 Godzilla Film"). The 2014 Godzilla Film was one of the most successful films of 2014, generating more than $200,000,000 in domestic box revenue and more than $500,000,000 in worldwide box office revenues.

Toho and Defendant Legend Pictures subsequently partnered to produce and distribute a follow-up blockbuster, the subject of the present copyright dispute, *Godzilla: King of the Monsters* ("*Godzilla: KOTM*") which was released on May 31, 2019 in the United States and which grossed over $380,000,000 in wordwide revenues.

The essential premise of *Godzilla: KOTM* is that dozens of monsters were intentionally awakened at once to wreak havoc on the planet. To achieve this, Defendants needed numerous individualized, charismatic monsters which then continue to exist as part of the Godzilla universe of characters. The catch that led to the present dispute is that Legend Pictures did not have the budget to license from Toho some of the characters it initially wanted to include. Instead, Defendant opted for the cheaper option of using without any license or compensation Plaintiff's copyrighted character.

There is nothing subtle about Defendant's conduct. That anyone would engage in such blatant infringement of another's intellectual property is wrong enough. That defendant, who is in the business of creating, protecting, and profiting from its own copyrights, would blatantly take Plaintiff's copyright without permission or consideration is extreme and precisely what the Copyright Act prohibits.

In support Plaintiff alleges the following:

**STATEMENT OF ACTION**

1.      This is an action for copyright infringement brought by Summit Kaiju, the owner of the copyrights described hereafter, for unauthorized uses by Defendants.

**PARTIES**

2.       Summit Kaiju is a Colorado limited liability company with its principal place of business located in Denver, Colorado.

3.       On information and belief, Defendant Legend Pictures is a corporation incorporated and existing under the laws of the State of Delaware with its principal place of business at 2900 W. Alameda Ave., Burbank, CA 91505.

**JURISDICTION**

4.      This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

5. This Court has personal jurisdiction over Defendants because they maintain principal places of business within this District, and/or solicits, transacts, and does business within this District. Defendant committed the unlawful and tortious acts described herein within this District, and Summit Kaiju's claims arise out of the same conduct that gives rise to personal jurisdiction.

**VENUE**

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(6), 1400(a).

**FACTS COMMON TO ALL COUNTS**

7. Summit Kaiju created, owns, and registered a copyright for the character Batholith. A copy submitted in connection with Summit Kaiju's copyright registration follows:



8. As described more fully below, Legend Pictures included Plaintiff's copyrighted character in *Godzilla: KOTM*. During the universal uprising of numerous monsters, *Godzilla: KOTM* features a scene of an immense mountain becoming animated as one of Godzilla's monsters, which as described in the official movie novelization, is "mountain . . . standing up on four immense legs."

9. Summit Kaiju is a Denver-based media company focused on the niche Godzilla-fan community.

10. For several years, dating back at least to 2017, Summit Kaiju has been a recognized leader in the Godzilla-fan community, having one of the largest social media followings in the community and being a regular attendee of community-related events, such as Godzilla-Fest a/k/a G-Fest.

11. Through Summit Kaiju's activities in the Godzilla-fan community, and in particular through Summit Kaiju's promotion of charity activities, Summit Kaiju has developed professional relationships with many prominent companies within the Godzilla-fan community, including premium statute and toy manufacturer X-Plus Co. Ltd., and the owner of Godzilla, Defendant Toho.

12. In 2017, Summit Kaiju hired an artist, Joe Lucchese a/k/a DopePope, to develop designs as work made for hire for Summit Kaiju's original kaiju concepts, including a living mountain kaiju called Batholith, The Summit Kaiju ("Batholith"). (The Japanese term "kaiju" translates as "strange beast" in English and is a staple of the Godzilla-fan community lexicon. In the United States, kaiju are also called "Titans".)

13. Batholith, as a living mountain kaiju made in part of stone is wholly original within the Godzilla universe. Summit Kaiju owns all rights, title, and interest related to Batholith. Summit Kaiju registered its copyright in the "Character Design" of Batholith on July 7, 2017 with the U.S. Copyright Office (Reg. No. VAu 1-307-624).

14. One week later, on or about July 15, 2017, Summit Kaiju unveiled Batholith publicly at the annual G-Fest (Godzilla Festival) convention in Chicago using a video presentation of Batholith and presenting a prototype of Summit Kaiju's intended toy merchandise of the character.



*Summit Kaiju Team at G-Fest 2017 introducing Batholith*

15. At that time Summit Kaiju began publicly promoting its planned release of an animated series called The Legend of Summit Kaiju, and marked its promotions as registered copyright "© 2017 Summit Kaiju All Rights Reserved."



*Cover art for* The Legend of Summit Kaiju *animated series released in 2018*

16. Summit Kaiju promoted Batholith and The Legend of Summit Kaiju consistently on various social media platforms, such as Instagram, Facebook, and Twitter, from that time on, including making regular posts to various Godzilla-fan social media groups.

17. DopePope also promoted initial sketches and final renderings of Batholith on his social media accounts as well.

18. Batholith's physical and conceptual qualities are consistently recognizable as a living mountain kaiju, with recognizable character traits and distinctive and unique elements of expression.

**Defendants unlawfully copied Batholith and included the copy in its next Godzilla movie.**

19. Defendant Legend Pictures produced the film *Godzilla: KOTM* which was released on May 31, 2019 in the United States.

20. Warner Bros. Pictures d/b/a Warner Bros. Pictures Group ("Warner Bros.") distributed *Godzilla: KOTM* in the United States and worldwide, except for Japan, where the film was distributed by Toho.

21. The film was converted into an official movie novelization, also titled *Godzilla: King of the Monsters*, that was published and distributed by Titan Publishing Group Ltd. d/b/a Titan Books ("Titan Books").

22. Both the film and the book include a living mountain kaiju character called Titanus Methuselah ("Methuselah"). Without permission or authorization from Summit Kaiju, Defendant copied Batholith in order to produce Methuselah for use in the *Godzilla: KOTM* film and book.

23. On information and belief, development of the film began as early as 2014 when Defendant licensed rights from Toho for use of additional kaiju characters, including King Ghidorah, Mothra, and Rodan. But problems arose with writing and directing the film, and in late 2016 Defendant hired Michael Dougherty and Zach Shields to rewrite the screenplay and then in early 2017, Dougherty was hired to direct the film as well.

24. According to public statements by Dougherty, Defendant wanted to include additional kaiju licensed from Toho, such as Gigan, but could not afford the license from Toho. Instead, Defendant decided to include kaiju that were not licensed from Toho. One such kaiju ultimately became Defendant's character Methuselah.

25. On information and belief, Defendant replaced the intended role of Gigan with the legend of the Summit Kaiju, Batholith, a mountain kaiju copied from Summit Kaiju and called Methuselah. By way of example, concept art depicting the final scene of *Godzilla: KOTM*—in which all awakened kaiju rally to their new king, Godzilla—Toho's Gigan is present.



*Concept art showing Gigan in the final scene, (*The Art of Godzilla: King of the Monsters*, published by Titan Books, 2019).*

26.  But in the film, that kaiju is replaced with Methuselah.



*Actual* Godzilla: KOTM *final scene showing Methuselah instead of Gigan (right)*

**Defendant had access to Batholith while producing *Godzilla: KOTM*.**

27.  On information and belief, Methuselah was not produced until on or about July 2018, one year after Summit Kaiju published Batholith.

28.  On information and belief, during the time when Defendant produced Methuselah, its employees who worked directly on Methuselah were aware of and had access to Batholith. Specifically, Summit Kaiju actively promoted Batholith, and The Legend of Summit Kaiju, on social media including by authorizing display of Batholith on the social media and artist accounts of DopePope. Several of Defendants' designers who worked on Methuselah have been online followers of DopePope's accounts

since before the creation of Batholith. On information and belief, Defendants' designers had direct access to, and did view, Batholith before beginning production of Methuselah.

29. On information and belief, Dougherty pays attention to, and follows, artists both online and at conventions who work in the kaiju genre and was also aware of Batholith. For example, in 2018 Dougherty reviewed DopePope's portfolio that included Batholith during a horror movie convention.

**Defendant's Batholith-copy, Methuselah, is substantially similar to Batholith.**

30. According to public statements by Dougherty, as of October 2017, he still needed to decide on the non-Toho kaiju to be included in the film. Also at that time, October 2017, Summit Kaiju promoted Batholith (marked as copyright 2017) rampaging through a city street in a close, upward angle on Batholith's head.



31. Subsequently, *Godzilla: KOTM* depicts Methuselah the same way.

COMPLAINT 8 21-CV- 9779



32. In addition, the novelization of *Godzilla: KOTM* describes Methuselah as a "mountain . . . standing up on four immense legs" and as part of a "legend".

33. The similarity between Batholith (left) and Methuselah (right) is not only substantial, but also striking.

 

*Summit Kaiju's* Batholith                                   *Legend's* Methuselah

34. This similarity has resulted in substantial confusion among both the niche Godzilla-fan community and the broader public. For example, following the release of Methuselah, Summit Kaiju's social media posts began to receive comments expressing confusion as to whether Summit Kaiju's Batholith was in fact Defendant's Methuselah. One example is below, showing a commenter saying about Summit Kaiju's Batholith, "Isn't that one of the Titans from Godzilla KOTM".



35. In fact, the degree of confusion became so pronounced and widespread that people began accusing Summit Kaiju of copying Defendant, for example posting, "That's a Methuselah knock off"!

[Instagram screenshot from summitkaiju (Summit Kaiju International) showing a rocky creature figure. Caption: "Disambiguate Inclination" - Photographed is the Batholith the Summit Kaiju 3D printed prototype. © 2017 Summit Kaiju All Rights Reserved... Liked by hausu_goji and 1,053 others. Comment from zyhirharris708: "That's a Methuselah knock off" September 1]

36. But this case will show that Methuselah is a Batholith knock off.

37. As a result of this confusion over ownership and rights to the character Batholith, Summit Kaiju has been prevented from developing merchandise—such as toys—for Batholith as well as the planned animated series The Legend of Summit Kaiju.

38. Defendant has failed to properly attribute Summit Kaiju as the origin of the Batholith character in either the film or novelization *Godzilla: KOTM*.

# CAUSES OF ACTION

## COUNT I
### *Direct copyright infringement against Legend Pictures*

39. Summit Kaiju incorporates and re-alleges all paragraphs above.

40. Defendant unlawfully and without permission copied Batholith, willfully infringing Summit Kaiju's exclusive rights in violation of the Copyright Act, including at least reproduction of Batholith, preparing derivative works from Batholith, and distributing copies of Batholith, in the form of the character Methuselah in the film and novelization of *Godzilla: KOTM*.

41. The foregoing acts of Legend Pictures constitute infringements of Plaintiff's copyrights in violation of 17 U.S.C. §§ 501 *et seq*.

42. Plaintiff suffered damages as a result of Legend Pictures' unauthorized use of Plaintiff's copyrights.

## COUNT II
### *Indirect copyright infringement by Legend Pictures.*

43. Summit Kaiju incorporates and re-alleges all paragraphs above.

44. With respect to distribution of the infringing film by Warner Bros. and Toho, as well as distribution of the infringing novelization by Titan Books, (collectively, the "Distributors") each of which reproduction and distribution constitutes an act of infringement of Summit Kaiju's exclusive rights under the Copyright Act, Defendant knowingly and materially contributed to such infringement.

45. Defendant had actual knowledge of the Distributors' infringement. Defendant contracted the Distributors in order to promote and distribute the infringing film and novelization *Godzilla: KOTM* containing the Batholith-derived-and-copied character Methuselah. Defendant was aware of Summit Kaiju's registered copyrights on Batholith and never sought permission to use Summit Kaiju's copyrighted material. Still, Defendant contracted with the Distributors to spread the infringing material, knowing neither it nor the Distributors had rights to reproduce or distribute Batholith.

46. Defendant materially contributed to the infringing activity by preparing and supplying the infringing copy, Methuselah, to the Distributors. On information and belief, Defendant gave assurances to the Distributors that it had the right to do so.

47. Defendant also intentionally induced infringement of Summit Kaiju's exclusive

copyrights in Batholith by intentionally inducing the Distributors to reproduce and distribute copies of the film and novelization *Godzilla: KOTM* containing the infringing work Methuselah.

48. Defendant's knowing and material contribution to the infringement, and intentional inducement of infringement, of Summit Kaiju's rights in Batholith constitute separate and distinct acts of infringement for which Defendant is liable.

49. Defendant's knowing and material contribution to the infringement, and intentional inducement of infringement, of Summit Kaiju's rights in Batholith was willful, intentional, and purposeful, and in utter disregard of Summit Kaiju's rights.

50. As a direct and proximate result of Defendant's infringement, Summit Kaiju is entitled to damages and Defendant's profits in amounts to be proven at trial.

51. Alternatively, at Summit Kaiju's election, it is entitled to statutory damages, up to the maximum amount of $150,000 per infringed work, by virtue of Defendant's willful infringement, or for such other amount as may be proper under 17 U.S.C. § 504.

52. Summit Kaiju is further entitled to recover its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

53. As a direct and proximate result of the foregoing acts and conduct, Summit Kaiju has sustained and will continue to sustain substantial irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will continue to infringe Summit Kaiju's rights in Batholith. Summit Kaiju is entitled to injunctive relief under 17 U.S.C. § 502.

## COUNT III

*Infringement of Moral Rights under 17 U.S.C. § 106A(a) by Legend Pictures*

54. Summit Kaiju incorporates and re-alleges all paragraphs above.

55. Summit Kaiju is the author and creator of its original living mountain kaiju, Batholith.

56. In addition to committing the direct and indirect acts of infringement of copying Batholith for preparing Methuselah in the film and novelization *Godzilla: KOTM*, Defendant has infringed Summit Kaiju's moral rights under 17 U.S.C. § 106A(a) by not attributing Summit Kaiju as the author and creator of Batholith in the film and novelization of *Godzilla: KOTM*.

57. As a direct and proximate result of the foregoing acts and conduct, Summit Kaiju has

sustained and will continue to sustain substantial irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will continue to infringe Summit Kaiju's rights in Batholith. Summit Kaiju is entitled to injunctive relief under 17 U.S.C. § 502.

58. The foregoing acts of Titan Books constitute infringements of Plaintiff's copyrights in violation of 17 U.S.C. §§ 501 *et seq*.

59. Plaintiff suffered damages as a result of Titan Books unauthorized use of Plaintiff's copyrights.

## COUNT IV

*False Designation of Origin under 15 U.S.C. § 1125(a) by Legend Pictures*

60. Summit Kaiju incorporates and re-alleges all paragraphs above.

61. Batholith, The Summit Kaiju, is a recognizable symbol associated with Summit Kaiju.

62. Defendant Legend Pictures used the Batholith symbol in its film and novelization *Godzilla: KOTM* in a manner that falsely designates its origin by calling it Methuselah and treating it as a kaiju unique to Defendant when in fact the symbol originated with Summit Kaiju.

63. As a direct and proximate result of Defendant's false designation of origin, Summit Kaiju has been unable to develop merchandise, such as toys, or its planned animated series The Legend of Summit Kaiju, with partners located across state and international boundaries with Summit Kaiju.

64. Further, as a direct and proximate result of Defendant's false designation of origin, substantial confusion among the consuming public has occurred, even to such an extent that portions of Summit Kaiju's potential customer base believe Summit Kaiju's Batholith is a knock-off of Defendant's Methuselah.

65. Defendant was aware of Summit Kaiju's as the source of Batholith since it first became aware of Batholith. Defendant's acts of false designation were willful, in disregard of and with indifference to Summit Kaiju's rights.

66. As a direct and proximate result of Defendant's false designation of origin, Summit Kaiju is entitled to damages and Defendant's profits, as well as full costs in the action, in amounts to be proven at trial pursuant to 15 U.S.C. § 1117.

67. By virtue of Defendant's willful violation of Summit Kaiju's rights, Summit Kaiju is

entitled to an increase in the damages award to up to three times and this constitutes an exception case such that Summit Kaiju is entitled to recover its attorney's fees.

68. As a direct and proximate result of the foregoing acts and conduct, Summit Kaiju has sustained and will continue to sustain substantial irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will continue to violate Summit Kaiju's rights in Batholith. Summit Kaiju is entitled to injunctive relief under 15 U.S.C. § 1116.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following:

1. An order declaring that Defendants infringed Summit Kaiju's copyrights in Batholith, directly and/or indirectly;

2. An order declaring that Defendants willfully infringed Summit Kaiju's copyrights in Batholith;

3. An order awarding Summit Kaiju monetary damages for copyright infringement consisting of actual damages and Defendants' profits, to be determined at trial; or alternatively at Summit Kaiju's election, for maximum statutory damages or for such other amounts as may be proper pursuant to 17 U.S.C. § 504;

4. An order enjoining Defendants from any future reproduction or distribution of the Batholith character including as depicted in the film or novelization of *Godzilla: KOTM*;

5. An order awarding Summit Kaiju attorney's fees and full costs incurred in this action pursuant to 17 U.S.C. § 505;

6. An order declaring that Defendant Legend Pictures infringed Plaintiff's moral rights under 17 U.S.C. § 106A(a).

7. An order declaring that Defendants is liable for false designation of origin under 15 U.S.C. § 1125;

8. An order awarding Summit Kaiju monetary damages in an amount to be established at trial and an injunction for false designation of origin pursuant to 15 U.S.C. § 1125;

9. An order awarding prejudgment and postjudgment interest; and

10. Any such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues permitted by law.

DATED: December 17, 2021

                              Plaintiff Summit Kaiju, by its attorney,

                              */s/ Alex Rice Kerr*
                              Alex Rice Kerr (CA SBN 264821)
                              alex@alexkerrlaw.com
                              *Attorney for Plaintiff Summit Kaiju LLC*

                              Alex Kerr Law, LLC
                              P.O. Box 3097
                              320 E. Broadway, Ste. 2a
                              Jackson, WY 83001
                              (307) 699-9057