UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 21-9779 PA (ASx) | Date | April 12, 2022 |
|---|---|---|---|
| Title | Summit Kaiju LLC v. Legend Pictures, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant Legend Pictures, LLC ("Defendant"). (Docket No. 13.) The matter is fully briefed. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.

**I.       Background**

This is a copyright infringement action. (See Compl., Docket No. 1.) In 2017, Plaintiff Summit Kaiju LLC ("Plaintiff") retained an artist to develop designs for "kaiju"[1] concepts set in the renowned "Godzilla" mythos. The result was "Batholith," described as "a living mountain kaiju made in part of stone." On July 7, 2017, Plaintiff registered its copyright in the "Character Design" of Batholith with the United States Copyright Office, Registration Number VAu 1-307-624. Plaintiff publicly unveiled Batholith in July 2017 at the annual Godzilla Festival convention in Chicago and thereafter prominently featured the character in social media. Plaintiff also began publicly promoting a planned release of an animated series named "The Legend of Summit Kaiju."

According to the Complaint, Defendant copied the Batholith character without authorization for use in the film "Godzilla: King of the Monsters" (the "Film") and accompanying novelization (the "Book"). The Film's development began in 2014 and Defendant initially expected to use kaiju characters licensed from Toho Co. Ltd.'s collection. That plan fell through after Defendant could not afford the associated expense and, as a result, Defendant decided to include kaiju characters outside of Toho Co. Ltd.'s collection. Plaintiff alleges that Defendant's employees had direct access to Batholith, and that at some point in July 2018 Defendant copied Batholith in producing the kaiju "Titanus Methuselah" ("Methuselah") featured in the Film and Book. The Complaint includes comparisons of the characters, and

---

[1]       Kaiju is Japanese, translated as "strange beast."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9779 PA (ASx) | Date | April 12, 2022 |
|---|---|---|---|
| Title | Summit Kaiju LLC v. Legend Pictures, LLC | | |

Plaintiff contends the images show "not only substantial, but also striking" similarities that have resulted in public confusion. Plaintiff alleges that confusion has caused development issues for merchandising and media project development of its Batholith character.

Based on the above conduct, Plaintiff asserts two causes of action, direct and indirect copyright infringement.[2] Now, Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state a claim.

## II.    Legal Standards

### A.    Motion to Dismiss

For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion

---

[2]    Plaintiff originally asserted four causes of action, but subsequently voluntarily dismissed the third and fourth causes of action. (See Docket No. 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9779 PA (ASx) | Date | April 12, 2022 |
|---|---|---|---|
| Title | Summit Kaiju LLC v. Legend Pictures, LLC | | |

[of] a legally cognizable right of action") (alteration in original)); Daniel v. Cnty. of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III.    Discussion

####     A.    Direct Copyright Infringement

"A plaintiff bringing a claim for copyright infringement must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" Funky Films, Inc. v. Time Warner Ent. Co., L.P., 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)). Defendant contends that Plaintiff cannot establish either element, as Batholith does not qualify for copyright protection and, even if it did, Plaintiff fails to show substantial similarity between the works. Plaintiff counters that it sufficiently pleads ownership of a valid copyright in the Batholith character and highlights several similarities between Batholith and Methuselah. Plaintiff also argues that resolution at this stage of proceedings is premature without discovery. The Court addresses each element in turn.

#####         1.    Ownership of a Valid Copyright

Defendant first argues that Plaintiff does not have a valid copyright in Batholith because the Copyright Office does not register copyrights in characters, and second that Plaintiff fails to allege sufficient facts showing Batholith warrants copyright protection under the Towle test. Regarding the first point, Defendant is technically correct that the Copyright Office does not register copyrights in characters. "[C]haracters are not an enumerated copyrightable subject matter under the Copyright Act . . . ." See Daniels v. Walt Disney Co., 958 F.3d 767, 771 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9779 PA (ASx) | Date | April 12, 2022 |
|---|---|---|---|
| Title | Summit Kaiju LLC v. Legend Pictures, LLC | | |

Cir. 2020) (citing 17 U.S.C. § 102(a)). As stated in the Compendium of U.S. Copyright Office Practices, which both parties cite in support of their respective positions:

> Although the copyright law does not protect the name or the general idea for a character, a work that depicts or describes a particular character may be registered if it contains a sufficient amount of original authorship.
>
> A registration for a visual art work, a literary work, or a work of the performing arts that depicts or describes a character covers the expression set forth in the deposit copy(ies), but it does not cover the character per se. In other words, the copyright in the registered work protects the author's expression of the character, but it does not protect the mere concept of the character. The copyright in the character itself is limited to the artistic rendition of the character in visual form or the literary delineation of the character's specific attributes in textual form. (The trademark law may provide additional protection for the character's name or other attributes if the character is sufficiently distinctive and is used to identify the source of the trademark owner's goods or services.)

U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 313.4(H). Thus, Plaintiff's copyright in Batholith "is limited to the artistic rendition of the character in the visual form" rather than the "concept of the character." Id.; see also Daniels, 958 F.3d at 771. Plaintiff counters that possession of a copyright registration conveys a presumption of copyright validity. See 15 U.S.C. § 410(c) ("A copyright registration is 'prima facie evidence of the validity of the copyright and the facts stated in the certificate.'"). However, Plaintiff's registration only conveys a presumption of valid copyright in the deposit copy, rather than the character itself, and the Copyright Office affixed a note to Plaintiff's registration explicitly recognizing that, "[c]haracters as such not registrable. Registration based on deposited authorship describing, depicting, or embodying such character(s)." (See Reply Ex. 1, Docket No. 20-1.)

Despite the inability to register a copyright in a character, "there is a long history of extending copyright protection to graphically-depicted characters." Daniels, 958 F.3d at 771 (9th Cir. 2020). However, "[n]ot every comic book, television, or motion picture character is entitled to copyright protection," as it "is available only 'for characters that are especially distinctive.'" DC Comics v. Towle, 802 F.3d 1012, 1019 (9th Cir. 2015) (quoting Halicki Films, LLC v. Sanderson Sales & Mktg., 547 F.3d 1213, 1224 (9th Cir. 2008)). Under the Towle test, "[a] character is entitled to copyright protection if (1) the character has 'physical as well as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9779 PA (ASx) | Date | April 12, 2022 |
|---|---|---|---|
| Title | Summit Kaiju LLC v. Legend Pictures, LLC | | |

conceptual qualities,' (2) the character is 'sufficiently delineated to be recognizable as the same character whenever it appears' and 'display[s] consistent, identifiable character traits and attributes,' and (3) the character is 'especially distinctive' and 'contain[s] some unique elements of expression.'" Daniels, 958 F.3d at 771 (quoting Towle, 802 F.3d at 1021 (citations omitted)).

Examining the Complaint, which contains several depictions of Batholith, the Court finds that Batholith plausibly satisfies the Towle test. First, it is clear from the Complaint's images and allegations that Batholith has physical as well as conceptual qualities. Plaintiff need not include a detailed written description, and the images combined with the succinct explanation that Batholith is "a living mountain kaiju made in part of stone" suffice. See Towle, 802 F.3d at 1021 ("First, because the Batmobile has appeared graphically in comic books, and as a three-dimensional car in television series and motion pictures, it has 'physical as well as conceptual qualities,' and is thus not a mere literary character." (citing Walt Disney Prods. v. Air Pirates, 581 F.2d 751, 755 (9th Cir. 1978))).

Second, the Complaint's images show that Batholith is sufficiently delineated to be recognizable as the same character whenever it appears and is consistently displayed with identifiable attributes. "Consistently recognizable characters like Godzilla or James Bond, whose physical characteristics may change over various iterations, but who maintain consistent and identifiable character traits and attributes across various productions and adaptations, meet the test." Daniels, 958 F.3d at 771. Comparison to Godzilla is apt, as Batholith exists within the same setting. See Toho Co. v. William Morrow & Co., Inc., 33 F. Supp. 2d 1206, 1216 (C.D. Cal. 1998) ("While Godzilla may have shifted from evil to good, there remains an underlying set of attributes that remain in every film. Godzilla is always a pre-historic, fire-breathing, gigantic dinosaur alive and well in the modern world."). Here, Batholith "consistently presents as a rampaging mountain kaiju made in part of stone and set in the Godzilla universe." (Opp'n at 8, Docket No. 18 (citing Compl. ¶¶ 7, 13-15, 30, 33-35).) The Complaint's multiple images of Batholith display Batholith as a giant quadrupedal mountain monster with tail, with negligible differences between iterations, making Batholith sufficiently delineated as a recognizable and consistently displayed character. See Daniels, 958 F.3d at 772 (finding characters were not sufficiently delineated where their "physical appearance . . . changed significantly over time").

Third, Batholith appears especially distinctive and contains some unique elements of expression. As alleged, Batholith "is not merely a stock character," such as a "magician in standard magician garb." Towle, 802 F.3d at 1021-22 (noting that "[i]n addition to its status as Batman's loyal bat-themed sidekick complete with the character traits and physical characteristics described above, the Batmobile also has its unique and highly recognizable name"). Instead, Batholith is a quadrupedal living mountain kaiju, made in part of stone, and set within the Godzilla universe with a distinctive name and surrounding legend. While Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9779 PA (ASx) | Date | April 12, 2022 |
|---|---|---|---|
| Title | Summit Kaiju LLC v. Legend Pictures, LLC | | |

has not provided an extensive and exhaustive list of traits or characteristics, unlike the lengthy description of the Batmobile in Towle, Plaintiff has provided sufficient description to plausibly allege that Batholith is distinctive and has unique elements of expression. As such, the Court finds that Plaintiff's Complaint contains sufficient allegations and images of Batholith to satisfy the Towle test and that Plaintiff has thus plausibly alleged ownership of a valid copyright.

      **2.     Substantial Similarity**

"[T]he second element has two distinct components: 'copying' and 'unlawful appropriation.'" Rentmeester v. Nike, Inc., 883 F.3d 1111, 1117 (9th Cir. 2018) (citing Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1157, 1164-65 (9th Cir. 1977); Arnstein v. Porter, 154 F.2d 464, 468 (2d Cir. 1946); 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.01[B]). "Proof of unlawful appropriation – that is, illicit copying – is necessary because copyright law does not forbid all copying. . . . [A] defendant incurs no liability if he copies only the 'ideas' or 'concepts' used in the plaintiff's work. To infringe, the defendant must also copy enough of the plaintiff's expression of those ideas or concepts to render the two works 'substantially similar.'" Id. (citing Mattel, Inc. v. MGA Ent., Inc., 616 F.3d 904, 913-14 (9th Cir. 2010)).

"In copyright infringement cases where the court judicially notices the works at issue and it is clear there is no substantial similarity between them as a matter of law, dismissal of the claims is proper." Gallagher v. Lions Gate Ent. Inc., No. 2:15-cv-02739-ODW(Ex), 2015 WL 12481504, at *2 (C.D. Cal. Sept. 11, 2015) (citing Christianson v. W. Pub. Co., 149 F.2d 202, 203 (9th Cir. 1945); Wild v. NBC Universal, Inc., 513 F. App'x 640, 641 (9th Cir. 2013)). Dismissal at the pleading stage is appropriate where the works are capable of examination and comparison, and "[n]othing disclosed during discovery could alter the fact that the allegedly infringing works are as a matter of law not substantially similar." Rentmeester, 883 F.3d at 1123; see Masterson v. Walt Disney Co., 821 Fed. App'x 779, 781 (9th Cir. 2020) ("It is not that expert testimony is never required or that substantial similarity can always be determined as a matter of law on a motion to dismiss. Rather, the court is required to determine whether the complaint states a plausible claim."); Alfred v. Walt Disney Co., 821 Fed. App'x 727, 729 (9th Cir. 2020) ("[A]t this stage of litigation, it is difficult to know whether such elements are indeed unprotectible material. Additional evidence would help inform the question of substantial similarity."); Zindel as Tr. for David Zindel Tr. v. Fox Searchlight Pictures, Inc., 815 Fed. App'x 158, 160-61 (9th Cir. 2020) ("Though both works properly were presented to the district court, additional evidence, including expert testimony, would aid in the objective literary analysis needed to determine the extent and qualitative importance of the similarities that [plaintiff] identified in the works' expressive elements, particularly the plausibly alleged shared plot sequence.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9779 PA (ASx) | Date | April 12, 2022 |
|---|---|---|---|
| Title | Summit Kaiju LLC v. Legend Pictures, LLC | | |

"In assessing whether particular works are substantially similar, . . . [the Ninth] Circuit applies a two-part analysis: the extrinsic test and the intrinsic test." Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d 980, 985 (9th Cir. 2017) (citing Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000)); see Rentmeester, 883 F.3d at 1118. "The extrinsic test requires plaintiffs to show overlap of 'concrete elements based on objective criteria,' while the intrinsic test is subjective and asks 'whether the ordinary, reasonable person would find "the total concept and feel of the works" to be substantially similar.'" Unicolors, 853 F.3d at 985 (citation omitted) (quoting Three Boys Music Corp., 212 F.3d at 485, and then Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir. 1991)). "At the pleadings stage, only the objective extrinsic test applies." Basile v. Twentieth Century Fox Film Corp., No. CV 14-4263 DMG (JPRx), 2014 WL 12521340, at *4 (C.D. Cal. Aug. 19, 2014) (citing Funky Films, 462 F.3d at 1077; Zella v. E.W. Scripps Co., 529 F. Supp. 2d 1124, 1133 (C.D. Cal. 2007)); see Gallagher, 2015 WL 12481504, at *3. "The extrinsic test assesses the objective similarities of the two works, focusing only on the protectable elements of the plaintiff's expression. Before that comparison can be made, the court must 'filter out' the unprotectable elements of the plaintiff's work – primarily ideas and concepts, material in the public domain, and scènes à faire (stock or standard features that are commonly associated with the treatment of a given subject)." Rentmeester, 883 F.3d at 1118 (citations omitted) (citing Cavalier v. Random House, Inc., 297 F.3d 815, 822-23 (9th Cir. 2002)). After filtering out the unprotectable elements, "[t]he protectable elements that remain are then compared to corresponding elements of the defendant's work to assess similarities in the objective details of the works." Id.

Here, the Court finds that there are enough similarities between the works for reasonable minds to differ on the issue of substantial similarity. See Metcalf v. Bochco, 294 F.3d 1069, 1074 (9th Cir. 2002) ("[P]rotectable expression includes the specific details of an author's rendering of ideas, or 'the actual concrete elements that make up the total sequence of events and the relationships between the major characters.'" (quoting Berkic v. Crichton, 761 F.2d 1289, 1293 (9th Cir. 1985))); but see also Benay v. Warner Bros. Ent., Inc., 607 F.3d 620, 625 (9th Cir. 2010) ("In applying the extrinsic test, [courts] look 'beyond the vague, abstracted idea of a general plot.'" (quoting Berkic, 761 F.2d at 1293)). Plaintiff alleges more than de minimis similarities, which may be fleshed out through expert evidence. See Rentmeester, 883 F.3d at 1123. Plaintiff has sufficiently pleaded substantial similarity to survive Defendant's Motion to Dismiss.

### B.   Indirect Copyright Infringement

Defendant's sole argument for dismissing Plaintiff's indirect copyright infringement claim is that it fails alongside the direct copyright infringement claim. See Fox Broad. Co., Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9779 PA (ASx) | Date | April 12, 2022 |
|---|---|---|---|
| Title | Summit Kaiju LLC v. Legend Pictures, LLC | | |

v. Dish Network L.L.C., 747 F.3d 1060, 1068 (9th Cir. 2014) ("Secondary liability for copyright infringement does not exist in the absences of direct infringement by a third party."). However, because Plaintiff sufficiently alleges a direct infringement claim, Defendant's argument fails. Therefore, Plaintiff's indirect infringement claim similarly survives Defendant's Motion to Dismiss.

## Conclusion

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss. Defendant shall file an Answer by April 26, 2022.

IT IS SO ORDERED.